IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
| | * | |
| v. | * | **CRIMINAL NO. 1:25-mj-00186-EA** |
| | * | |
| **DAZHON DARIEN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |
| | ******* | |

## GOVERNMENT MOTION FOR DETENTION

For over a year, Dazhon Darien ("Darien") sexually exploited 4 minor boys by coercing them to send him explicit videos. Darien exploited one of his victims for over a year, paying him regularly over CashApp to obtain the sexually explicit videos. He did this while he was an administrator and a coach at a high school, with regular access to minor boys. He continued to exploit minors even after his house was searched, and even after he was charged with an unrelated crime.

The Government believes there is no condition or combination of conditions that would assure the safety of the community if the Defendant were to be released and will be asking the Court to enter an order of detention.

**I.     Introduction**

On January 27, 2025, the Defendant Dazhon Darien had his initial appearance on a Criminal Complaint charging him with 18 U.S.C. § 2251(a) and (e) (sexual exploitation of children) and 18 U.S.C. § 2252A(a)(2) (receipt of child pornography. The Government properly moves for detention pursuant to 18 U.S.C. § 3142(e)(3)(E) because the defendant is charged with 18 U.S.S.C. 2251(a)  and 18 U.S.C. § 2252A(a)(2).

**II.    Legal Standard.**

The factors a court must consider in determining whether a defendant poses a danger to the community include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g).  In this case, an examination of the § 3142 factors demonstrates that the Defendant should be detained pending trial.

**III.    The Nature and Circumstances of the Offense**

On March 7, 2024, investigators with the Baltimore County Police Department ("BCPD") executed a search and seizure warrant at Darien's residence in Baltimore, Maryland.  During the searches, BCPD located and seized various electronic devices, including Darien's iPhone that was located in his bedroom.  Subsequent to that, federal search warrants were obtained for those electronic devices.  Further investigation resulted in the identification of three Google accounts owned and used by Darien.  Within those accounts were several media files depicting teenage males ages engaged in sexually explicit conduct as well a screenshot of a text message conversation taken on an iPhone indicative of coercion or enticement of a minor to engage in sexual activity for review.

**A.    Exploitation of minor victims**

While working for the Baltimore County Public School System, first as a teacher, then as an athletic director, Darien sought out teenaged boys for his sexual gratification.  Darien used the Snapchat application to communicate with the victims, and then caused them to create sexually

2

explicit images and videos and send those to Darien. Darien saved the images and videos on his phone and iCloud account. For at least one of the victims (Minor Victim 1), Darien induced the victim by paying him to create the sexual images and videos.

### B.     Minor Victim 1

Nineteen videos of Minor Victim 1 engaged in sexually explicit conduct were found in Darien's Google account, iCloud account, and on the iPhone that was seized on March 7, 2024. The videos were created between December 2023 and June 2024. One of those videos, "Video File 2", was created on February 29, 2024 when Minor Victim 1 was 16 years old. Video File 2 depicts Minor Victim 1 naked from the waist down, bent over a bed, masturbating.

When interviewed in the middle of July 2024, Minor Victim 1 disclosed that he communicated on Snapchat with an adult male, later identified as Darien. Minor Victim 1 told Darien that he was 15 years old. Darien offered him money for sexually explicit pictures and videos. Minor Victim 1 agreed to produce and sent the videos to Darien who paid Minor Victim 1 using CashApp. Minor Victim 1 produced videos in exchange for payment from Darien on multiple occasions, and explained that Darien directed him to expose his genitals, to masturbate, and to insert objects into his anus during the videos. Darien's Snapchat account reflects that that Darien was actively communicating with Minor Victim 1 in July 2024. On June 28, 2024, Minor Victim 1 sent a video to Darien depicting Minor Victim 1 committing a sexual act with his genitals.

Darien's CashApp account reflects 9 payments to Minor Victim 1 between December 2023 and March 2024, totaling $224.

### C.     Minor Victim 2

Minor Victim 2 was born in 2009 and was 14 years old when he communicated with Darien. Investigators found messages in Darien's iCloud between Darien and Minor Victim 2

3

between November 2023 and January 2024. The conversations including Darien and Minor Victim 2 discussing meeting in person. The conversations between Darien and Minor Victim 2 became sexual in nature. A screenshot of one of the messages is here:



Minor Victim 2 was interviewed and disclosed that he met and adult male online and told the adult male that he was a freshman in high school and was either 14 or 15 years old. Minor Victim 2 sent an image of his buttocks to the adult male. The adult male discussed purchasing a "pocket pussy" for Minor Victim 2, but said he would only give it to him if they met in person.

      **D.**    **Minor Victim 3**

3.    Minor Victim 3 was born in 2007, and was 16 years old when he communicated with Darien. In Snapchat conversations located in Darien's iCloud between Darien and Minor Victim 3, Darien and Minor Victim 3 defendant discussed meeting in person for sex. Although Minor Victim 3 initially identified himself as 18, after he told Darien he was 17, Darien replied,

4

"I kinda figured … You still gonna make me that video". Minor Victim 3 referred to Darien as "daddy."

### E.   Minor Victim 4

Minor Victim 4 was born in 2006, and was 17 years old when he communicated with Darien. Agents located six images and one video of Minor Victim 4 engaged in sexually explicit conduct in Darien's Snap account. The files were sent to Darien on April 10, 2024. When interviewed, Minor Victim 4 recalled meeting an adult male named "Zay" at a hotel in Capitol Heights, Maryland on April 13, 2024. Minor Victim 4 was 17 years old, and engaged in sex acts with "Zay" in the hotel.

### F.   Minor Victim 5

Minor Victim 5 was born in 2007 year, and was 16 years old when he communicated with Darien. Darien's Snapchat account contained the following chat with Minor Victim 5 on October 30, 2023:

| | | |
|---|---|---|
| Darien : | How much you gonna let me eat it before you ride my dick? |
| MV 5: | Wym ride ur dick? |
| Darien : | Or you like backshots better |
| MV 5: | Oh no I'm not taking dick |
| MV 5: | U |
| MV 5: | Nd u ain't answer my question we recording or are u paying |
| Darien: | I'm not a bottom. If I'm paying I'm clapping cheeks you record if you wanna suck me up and let me eat you |
| Darien : | See ur obviously a top I'm not feeling it |

Darien's Snapchat account also contained the following files of Minor Victim 5:

- An image file depicting Minor Victim 5, nude from the waist down, exposing his genitals.

- A video file depicting Minor Victim 5, nude from the waist down. In the video, Minor Victim 5 touches his buttocks with one hand and points his penis towards the camera with his other hand.

### G. Additional Potential Minor Victims

In addition to the minor victims referenced above, files depicting approximately 8 additional males engaged in similar conduct were found in Darien's accounts and/or phone. The investigation into identifying these individuals is ongoing.

### H. Receipt and Possession of Child Pornography

Investigators were not initially able to access the data on Darien's iPhone due to encryption. On November 27, 2024, however, investigators successfully extracted data from the phone. Upon review of the iPhone, in addition to the files described above, investigators also located approximately 20 additional videos depicting children engaged in sexually explicit conduct, to include prepubescent children. Descriptions of two of these videos are below:

  i. Video File 10 depicts a prepubescent female, naked lying on her back with her arms spread to each side. An erect adult penis ejaculates on the child's face.

  ii. Video File 11 depicts a nude prepubescent male lying sleeping on his stomach on a bed. The child's legs are spread, exposing his genitalia. A nude adult male lies down on the bed next to the child and begins rubbing his erect penis and fingers against the child's anus. The adult male then anally penetrates the child with his penis.

## IV. Weight of the Evidence

The evidence in this case is strong. Most of the case rests with digital information recovered from Darien's phone and accounts that are tied directly to Darien. There is no question that the victims were under the age of 18, and the age of the minor victims are captured in several chats. Darien not only requested the videos but saved them on his phone and in his iCloud account. The billing name associated with this iCloud account was Dazhon Darien.

## V.     History and Characteristics of the Person

Darien has no criminal history. But despite the fact that he has no record, Darien has demonstrated poor character. Darien is pending trial in the Circuit Court for Baltimore County, Maryland with disturbing school operations, retaliating against a witness, stalking and related offenses. Those charges arise from a disturbing incident that occurred in January of 2024, when Darien is alleged to have used artificial intelligence to lead the public to believe that the principal of his school had made racist and antisemitic comments. Darien allegedly disseminated the video to retaliate against the principal who initiated an investigation into Darien's misuse of school funds).

### A.     Information from the Pretrial Services Report:

The Government has concerns about Darien's ability to be supervised at a more fundamental level. For starters, the defendant and his mother reported conflicting information on multiple topics. According to the Pre-trial report provided to the parties, Darien claims to have a close relationship with his mother. Yet his mother was unaware that he has a 9-year old son that lives in California. When asked about any mental health issues and/or treatment, the Darien and his mother again provided conflicting information. When asked about his residence, Darien stated that he lives with his mother in Houston, Texas. But his mother, who supposedly lives with Darien, stated that although he lives in Texas, she does not know the address. Darien told Pretrial Services that his mother lives in both Texas and New York. Yet his mother informed Pretrial Services that she lived in New York and provided a specific address in Brooklyn, New York.

Darien also failed to mention prior employment. He was employed by another school system that he failed to mention to the probation officer. From August 22, 2021 through February 22, 2022, Darien was an associate teacher for Houston schools.

According to the pre-trial report, Darien is not receiving any income. His mother mentions that he is possibly receiving "pension" from the Baltimore County School System. One thing that both Darien and is mother tell pre-trial is that he currently lives in Houston, Texas and most recently worked with Atlas Sand in Texas. According to Darien, he was laid off for the season in November 2024. He does not report residing in Maryland. Despite that, Maryland Unemployment Insurance (UI) records indicate Darien began receiving regular UI benefits in the State of Maryland on November 24, 2024. Darien has received at least six $430 payments since November 24, 2024. Benefits are listed to end on November 22, 2025. Darien listed a residential address in Nottingham, Maryland and also lists an address in Houston, Texas.

Darien is not honest with his own mother and has not been honest in his interview with Pretrial Services. Thus, in addition to posing a danger to community – particularly to minors, Darien cannot be trusted to comply with any conditions of pretrial release.

As previously mentioned, Darien was present during the search and seizure warrant at his residence in March of 2024. Despite the fact that he knew he was being investigated for criminal conduct, Darien continued to exploit minor victims. Even after Darien was charged in April 2024 in the Circuit Court for Baltimore County related to the events that occurred at Pikesville High School, he still continued to exploit Minor Victim 1, obtained sexually explicit videos, as recently as June of 2024. In light of the nature of his conduct and his inability or unwillingness to conform, it is clear that Darien will continue to exploit minors if he is released.

### VI. The Nature and Seriousness of the Danger to the Community in the Event of the Defendant's Release

There is a real danger to the community in the event of Darien's release pending trial. Darien was able to locate minor victims and commit these crimes with the use of a cellphone and other electronic devices, which are all to easily accessible. Even if the Court were to release Darien

to a third-party custodian with restrictions on his use of electronic devices, he could easily access that person's electronic devices. Darien has demonstrated his creation and use of multiple usernames on Snapchat, a variety of email addresses, and the creation of fake e-mail addresses to commit other crimes.

## Conclusion

For the reasons set forth above, the Government respectfully submits that no condition or combination of conditions will protect the community and requests that the Defendant be detained pending trial.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/ *Christine Goo*
Christine Goo
Paul Budlow
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2025, a copy of the foregoing Motion for Detention was delivered via ECF to Courtney Francik, Esquire, counsel for the Defendant.

By: /s/ *Christine Goo*
Christine Goo
Assistant United States Attorney

9